JOURNAL ENTRY AND OPINION
{¶ 1} Amchem Products, Inc., et al. ("Amchem"), appeals the decision of the Cuyahoga County Court of Common Pleas ordering it and other members of a consortium of asbestos-related companies, known collectively as The Center for Claims Resolution ("CCR"), to pay to appellee Kelley and Ferraro ("KF") $9,750,181 plus interest as its regular installment under an agreement between the parties. Finding error in the proceedings below, we affirm in part, reverse in part and remand
 {¶ 2} KF represented 15,000 asbestos plaintiffs who had sued various asbestos manufacturers and distributors in Cuyahoga County and other jurisdictions. On behalf of these plaintiffs, KF entered into an agreement with the CCR to settle these plaintiffs' claims against CCR's members.
 {¶ 3} After the signing of that agreement, disputes arose between the parties regarding their performance under the agreement. KF filed various motions to enforce the settlement agreement when the CCR failed to make full payments as scheduled under the agreement. The CCR attributed the deficiencies to the failure of certain members to pay their share of the scheduled installment. The trial court entered judgment in favor of the plaintiffs as to each of those motions. The CCR then appealed the trial court's decision on each of those motions. Those appeals were consolidated and resulted in a recent opinion of this court,In re: All Kelley Ferraro Asbestos Cases, 153 Ohio App.3d 458,2003-Ohio-3936.
 {¶ 4} This appeal relates to the December 2002 installment under that same agreement and involves the same parties. This appeal was filed prior to the release of the opinion relating to the previous appeal.
 {¶ 5} Amchem concedes that this appeal raises two issues in common with the previous appeal, "namely (a) whether the trial court erred in ignoring the Settlement Agreement's explicit, unambiguous command that `each CCR member company shall be liable under this Settlement Agreement only for its individual share of' the settlement, and (b) whether the trial court exceeded its jurisdiction by entering judgment for individuals with no case pending in Cuyahoga County, or against companies in cases in which they were not sued and served."
 {¶ 6} In addition to those two issues already addressed in the previous opinion of this court, Amchem raises a unique issue relating to the qualification of claimants seeking to be compensated under the agreement. Amchem advances three assignments of error for our review.
 {¶ 7} "I. The trial court misconstrued the contract in holding the appellant companies jointly and severally liable."
 {¶ 8} This assignment of error represents one of the two issues that Amchem concedes is identical to that presented in the previous appeal. Id. In the instant case, Amchem again argues that the trial court's finding of joint liability was error.
 {¶ 9} Amchem again raises questions regarding the CCR's joint and several liability under the agreement; that issue, however, has been resolved by this court and we are bound to follow that decision. Id.
 {¶ 10} Following a detailed analysis of the parties' agreement and appropriate case law, we overruled this identical assignment of error in our opinion in the previous case. Id. In that prior case, we held the following:
"In our effort to harmonize and to give reasonable effect to allprovisions in the parties' agreement, we have concluded the first sentencein Paragraph 13 of the Settlement Agreement, read in its entirety and inconjunction with other settlement provisions, imposes joint and severalliability on the CCR members. Instead of reading this sentence asdefining the members' liability to the plaintiffs, as the CCR memberspropose, we read this sentence as defining the members' liabilityvis-a-vis each other. The CCR members could have easily made themselves`severally' bound to the plaintiffs by using that magic word, but theydid not." Id.
 {¶ 11} In accordance with that decision, we overrule this assignment of error.
 {¶ 12} "II. The trial court erred in failing to identify the claimants for whom it entered judgment, and in summarily resolving disputed fact issues concerning the eligibility of claimants for payment."
 {¶ 13} Amchem argues here that the trial court's order that the CCR pay $9,750,181 plus interest ignores the fact that very few of the 15,000 claimants covered by the parties' settlement agreement have been qualified in accordance with the terms of the agreement.
 {¶ 14} The parties' settlement agreement provides that no claimant may be paid until he or she provides, and the CCR has reviewed and approved, (1) medical evidence of injury and proof of exposure to asbestos-containing products, (2) proof that the claim is not barred by the applicable statute of limitations, and (3) a properly executed release of the plaintiff's claims. In the event that a potential claimant does not satisfy these requirements, "that Plaintiff will be removed from the settlement, and the total settlement figure will be reduced by the allocated amount set forth for that Plaintiff * * *." Finally, the agreement requires potential claimants to submit this information to the CCR 120 days before the date the installment is due.
 {¶ 15} As earlier installments came due, the CCR sent to KF a list of the claimants who had submitted qualifying documentation and releases and thus were eligible for payment. KF failed to submit documentation for any qualifying claimants for the December 2002 installment. As a result, Amchem and the CCR's other members did not make the December 2002 installment payment. After not receiving the December 2002 installment, KF filed its eighth motion to enforce the settlement agreement. Amchem and the CCR filed a memorandum in opposition claiming that no payment was due since no qualifying claimants were presented to them by KF.
 {¶ 16} The trial court held a hearing on January 6, 2003. At that hearing, KF produced an affidavit of one of its employees stating that 2,634 "claims were submitted to the CCR for payment." The CCR immediately undertook a review of the status of these 2,634 potential claimants. Two days after the hearing, the CCR submitted a supplemental memorandum informing the court that most, if not all, of the 2,634 potential claimants had either (1) been included in a prior installment group, (2) submitted inadequate or defective documentation of their claims to the CCR, (3) not yet returned a properly executed release, or (4) failed to submit any documentation to the CCR at all.
 {¶ 17} The day the CCR's supplemental memorandum was filed, the trial court granted KF's eighth motion to enforce the settlement agreement and ordered the CCR to make its December 2002 installment payment of $9,750,181 plus interest.
 {¶ 18} In a later motion for relief from judgment, the CCR included a breakdown of the 2,634 claimants KF alleged had qualified for payment under the terms of the settlement agreement.[1] That breakdown was as follows:
"* * * 635 * * * were included in [previous installments] * * * Another23 * * * were not parties to the Settlement Agreement * * * 1,178 * * *have not yet satisfied the Settlement Agreement's requirements forsubmission of medical and exposure documentation * * *. 653 * * * havefailed to return properly executed releases. * * * The CCR has no filefor 129 of the 2,634 Claimants. * * * That leaves only 10 Claimants whohave provided satisfactory documentation of their claims and properlyexecuted releases, and thus are eligible for payment. Only five of thoseClaimants filed suit in Cuyahoga County; the rest have lawsuits pendingin other jurisdictions."
 {¶ 19} Amchem argues that the correct payment for the five claimants who were eligible under the terms of the agreement was $27,000 and not the $9,750,181 plus interest that the trial court ordered.
 {¶ 20} Our standard of review of this case is de novo. We perform a de novo review because the interpretation of written contracts is a question of law. Sherman R. Smoot Co. of Ohio v. Ohio Dept. of Adm.Serv. (2000), 136 Ohio App.3d 166, 172.
 {¶ 21} It is clear from the terms of the settlement agreement that claimants must submit a minimum of documentation to qualify for compensation. In addition, the amount the CCR is required to pay corresponds to the number of qualified claimants. The agreement states that "[t]he CCR and [KF] agree that if appropriate documentation is not provided for any Plaintiff at the appropriate time, then that Plaintiff will be removed from the processing queue * * * and another Plaintiff * * * will be substituted in place of the non-complying Plaintiff. If no Plaintiff is substituted, the amount allocated to that Plaintiff's Payment Group shall be reduced by the amount which would then have been allocated to that Plaintiff * * *."
 {¶ 22} Unless the proper documentation is submitted, the express documentation and qualification requirements of the settlement agreement would be rendered moot.
 {¶ 23} However, it is neither the trial court's duty, nor the parties' right, to micro-litigate this settlement agreement. The settlement agreement was entered into by both parties as a means of avoiding the perceived risks and costs of litigation. The settlement agreement is rendered useless if the result is merely endless filings and hearings regarding the enforcement of the various sections of the agreement.
 {¶ 24} KF has an obligation to submit the required documentation for each claimant prior to being entitled to payment of the scheduled installment. Amchem and the CCR have an obligation to pay the claim for each claimant upon receiving the qualifying documents. Submission of the qualification items from the settlement agreement listed above creates a clear presumption of eligibility for payment for that particular claimant. For example, "(1) medical evidence of injury and proof of exposure to asbestos-containing products" need only be the medical industry standard for such evidence. This general prohibition on micro-litigation extends to disputes over the strength or value of submitted documentation under the agreement. The form of the evidence to support the qualification items is not restricted other than as specified in the agreement. Moreover, there is no requirement that the trial court hold a hearing to determine every dispute that may arise. This assignment of error is, nevertheless, sustained.
 {¶ 25} "III. The trial court exceeded its jurisdiction."
 {¶ 26} This assignment of error represents the second of the two issues that Amchem concedes is identical to that presented in the previous appeal. In re: All Kelley Ferraro Asbestos Cases, supra. Following a detailed analysis of the parties' agreement and appropriate case law, we overruled this identical assignment of error in the previous case. In that prior decision we held:
"The record thus indicates the CCR members failed to challenge thecourt's jurisdiction at their first appearance in this case; instead theyadvanced arguments addressing the merits of the case in an effort to havethe court adjudicate their dispute with KF in their favor. Giventhis state of record, we conclude the CCR members' participation wassufficient to constitute a voluntary appearance and accordingly a waiverof any jurisdictional claim. Having utilized the service of the courtwith a view to a resolution of the dispute, the CCR members cannot now beheard to complain of the court's lack of jurisdiction." Id.
 {¶ 27} In accordance with that decision, this assignment of error is overruled.
 {¶ 28} Judgment affirmed in part, reversed in part and remanded to the trial court for proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., concurs.
[1] The facts outlined in this opinion are taken from pleadings submitted to the lower court by both parties and the appellants' brief. Appellee, Kelley Ferraro, did not submit a brief as part of this appeal; as such, we have no documented response to the errors claimed.